VERLEE MOFFETT TAGGART v. SCHOOL DISTRICT NO. 52, CARROLL COUNTY, Appellant.—96 S. W. (2d) 335.

Division Two, August 20, 1936.

*S. J. & G. C. Jones* for appellant.

224

*John D. Taylor* for respondent.

BOHLING, C.—This cause is pending upon certification (Mo. Const., Art. 6, Amend. of 1884, Sec. 6) from the Kansas City Court of Appeals (88 S. W. (2d) 447, 450).

Verlee Moffett (who as Verlee Moffett Taggart is plaintiff) was a regularly qualified school teacher, teaching in School District No. 52, Carroll County, Missouri, the defendant, for the school term of 1932-1933, and prior thereto. The board of directors of defendant school district were willing to reemploy Miss Moffett for the school term 1933-34 upon certain conditions, entered an order at a meeting on or about April 9, 1933, reading: "Miss Moffett was elected at a salary of Fifty-five Dollars ($55.00) a month, with certain provisions," and appointed a Mr. Willis to draw up a teacher's contract, which, seen by the board of directors before they ratified it, after providing for the employment of Verlee Moffett as teacher for six months at $55 per month, provided: "BE IT FURTHER AGREED, that the party of the First Part (Verlee Moffett) declares she is not married, and that if she should become married at any time during the school term of 1933-34, she shall immediately resign her position as teacher and this contract shall become null and void." On April 29, 1933,

Verlee Moffett intermarried with Everett Taggart. On May 1, 1933, said teacher's contract was executed by "Charles Kuhn, President" and "Verlee Moffett, Teacher," and attested by "Chas. E. Stelze, Clerk." . [See Sec. 9209, R. S. 1929, Mo. Stat. Ann., p. 7081.] Mrs. Taggart frankly testified she read the contract and knew the above quoted clause was therein when she signed it, and that she concealed the fact of her marriage with Mr. Taggart from defendant's board of directors. Upon defendant's board of directors ascertaining plaintiff was married, they immediately gave plaintiff written notice on July 29, 1933, that by unanimous vote of all members of the Board of Education said contract had been declared null and void by reason of certain misrepresentations therein. The school term covered by said contract commenced on or about September 1, 1933, and upon plaintiff offering performance of said contract on her part, said board again, on September 1, 1933, notified plaintiff in writing defendant declined to recognize said contract as binding and plaintiff as a teacher in defendant's school.

Plaintiff thereafter instituted this action for breach of contract, seeking damages in the sum of $330. Plaintiff's petition proceeded upon the theory that the board of directors had no legal right or authority to adopt a rule prohibiting a teacher from marrying or, as we understand plaintiff's theory, a rule prohibiting the employment of married ladies as teachers, and that the portion of said teacher's contract quoted above was illegal, null and void and wholly unenforceable.

Defendant's answer pleaded that defendant notified plaintiff her application for teacher during the school term of 1933-34 would not be considered if she was married or was to become married during the school term; that plaintiff notified defendant she was not married, would conform to the conditions imposed by defendant and if plaintiff married during said school term she would resign as teacher; that, relying upon said representations and being deceived thereby, defendant entered into said teacher's contract; that plaintiff, at the time of the execution of said contract, was married; and that defendant, upon ascertaining plaintiff was married, immediately notified plaintiff, in writing, that she would not be allowed to teach, and prayed the court to set aside and for naught hold said contract and deny plaintiff the relief asked in her petition.

Plaintiff's judgment below was affirmed by the Court of Appeals. ▆ It is elementary that a cause of action for the breach of a contract presupposes the existence of a legally enforceable contract —no contract, no breach; and, hence, no cause of action for breach of contract. The Court of Appeals' opinion states ". . . the defendant invokes a court of equity to set aside and hold for naught the contract and deny the relief prayed for by the plaintiff". (88

S. W. (2d) l. c. 449), but reaches the conclusion: "As to what might or might not be the rights of defendant, if the defendant had brought a suit in equity to cancel the contract in controversy, we are not called upon in this case to decide" (88 S. W. (2d) l. c. 450). Among the objects of the code was the simplification of proceedings, the settlement of controversies between parties in one action and the abolishment of the circumlocution of actions existing under the common law; and we have recognized, since its adoption the right of a defendant to set forth in his answer as many defenses, including equitable defenses, as he may have (Secs. 776, 777, R. S. 1929, Mo. Stat. Ann., pp. 1015, 1022; Martin v. Turnbaugh, 153 Mo. 172, 186, 54 S. W. 515, 517). Defendant's answer, embracing pleadings showing defendant entitled to and coupled with a prayer for affirmative equitable relief, tendered the issues for determination and entitled defendant to a ruling thereon that defendant might avail itself of the defenses set up in said answer, including the prayer to set aside and hold for naught the contract sued on in plaintiff's petition. [Martin v. Turnbaugh, supra; Security Sav. Bk. v. Kellems, 321 Mo. 1, 9 (III, IV), 9 S. W. (2d) 967, 970 (III, IV).]

Section 9209, Revised Statutes 1929 (Mo. Stat. Ann., p. 7081), directs school boards, on behalf of school districts, to enter into signed contracts of employment with school teachers; and Section 9210, Revised Statutes 1929 (Mo. Stat. Ann., p. 7083), expressly provides such contract "shall be construed under the general law of contracts, each party thereto being equally bound thereby." Vested with the authority to contract for the employment of teachers, the school board may refuse to consider the application of or employ any eligible teacher for any reason deemed sufficient by the board, and no cause of action arises to any such teacher against the school district by reason thereof. So, for instance, a school board may legally refuse to consider the application of or employ any eligible teacher on account of the marital status of such applicant. The order of defendant's school board elected plaintiff teacher " . . . *with certain provisions."* We find no mention of said portion of said order in the opinion of the Court of Appeals. The conditions upon which plaintiff's employment was contingent did not become binding and enforceable against plaintiff by the board's mere adoption of the aforesaid order, and until said conditions were agreed to by plaintiff no contract of employment existed. The conditions were embodied in a contract which the school board ratified and which plaintiff and defendant executed on May 1, 1933. Then, and not until then, did the signed contract whereby each party thereto became equally bound thereby come into existence; and we are concerned, under plaintiff's petition as well as defendant's answer, with contractual representations and obligations, voluntarily made and assumed by plaintiff for

a consideration, and not rules or regulations of the school board imposing restrictions or obligations upon the teacher.

█ Under the contract one of the conditions exacted of plaintiff was that plaintiff be not married. The contract expressly stated plaintiff was not married, although at the time said contract became equally binding on the parties thereto plaintiff was married, which fact plaintiff concealed from defendant and executed the contract in her maiden name. Defendant promptly rescinded the contract upon learning of plaintiff's marriage. In the early case of Armstrong v. Winfrey, 61 Mo. 354, 359, this court said: "It is a familiar doctrine that no valid contract can arise out of a fraud, and that any action brought upon a supposed contract which is shown to have arisen from fraud, may be successfully resisted. Fraud avoids all contracts, where it can be shown that if it had not been employed the contract would not have been made." It is clear that plaintiff's written contractual representation that she was not married was a fraud upon defendant and of such a nature as to affect defendant's willingness to contract with plaintiff. Courts should not and do not aid fraud-feasors by enforcing contractual obligations procured by means of fraudulent representations. [See Guilford School Township v. Roberts, 28 Ind. App. 355, 62 N. E. 711; Security Sav. Bk. v. Kellems, supra.]

Under this view of the case, we need not discuss the enforceability or effect of an existing rule or regulation of a school board (Strayhorn v. Blodgett, etc., School Dist. (Mo. App.), 86 S. W. (2d) 374, and cases cited; Richards v. District School Board, 78 Ore. 621, 153 Pac. 482, L. R. A. 1916C, 789, Ann. Cas. 1917D, 266) or contract provisions (Ansorge v. City of Green Bay, 198 Wis. 320, 224 N. W. 119; Hendryx v. School District, 148 Ore. 83, 35 Pac. (2d) 235) to the effect that lady teachers becoming married during the school term forfeit their contract of employment (Annotation, 81 A. L. R. 1033 et seq.); or if such a regulation or contract provision, although only in partial restraint of marriage, is unauthorized or an illegal restraint upon marriage (see Byington v. School District, 224 Mo. App. 541, 548, 30 S. W. (2d) 621, 625, although containing no appellate ruling thereon as the ruling of the trial court was in favor of plaintiff-appellant, who took no exception, and defendant-respondent did not appeal), and, if so, whether the court will undertake to write a new contract upon which the minds of the parties have not met by the mere deletion of such unauthorized or illegal provision, or will leave the parties where, by their agreement and actions, they have placed themselves (13 C. J.; p. 492, sec. 440 et seq.).

The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment and decree setting aside and canceling the contract sued on in plaintiff's petition and judgment

against plaintiff and in favor of defendant on plaintiff's petition. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.