Wolfgang WATERWIESE and Erica Waterwiese, Plaintiffs,

v.

KBA CONSTRUCTION MANAGERS, INC., and The St. Paul Companies, Inc., Defendants/Third–Party Plaintiffs/Respondents,

v.

JOHN J. SMITH MASONRY COMPANY, Third–Party Defendant/Fourth–Party Plaintiff/Appellant/Cross–Respondent,

v.

C & G MIDWEST INSURORS AGENCY, INC., and Robert L. Gibbs, Fourth–Party Defendants/Cross–Appellants.

No. 59550.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1991.

Application to Transfer Denied Jan. 28, 1992.

---

James E. Whaley, Robert W. Cockerham, Brown & James, P.C., St. Louis, for C & G Midwest Insurors Agency, Inc., et al.

Denis C. Burns, and John B. Singleton, Godfrey, Vandover & Burns, Inc., St. Louis, for John J. Smith Masonry Co.

James Parker Lemonds and Erich Vieth, Holtkamp, Liese, Beckemeier and Childress, St. Louis, for KBA Const. Managers, Inc. and The St. Paul Companies, Inc.

CRANDALL, Judge.

Plaintiffs, Wolfgang Waterwiese and Erica Waterwiese, brought an action against KBA Construction Managers (KBA) for damages for injuries sustained by Wolfgang Waterwiese while performing work for his employer, John J. Smith Masonry

Co. (Smith Masonry). Plaintiffs settled their claim with KBA; and St. Paul Companies (St. Paul), KBA's liability insurance carrier, paid the full amount of the settlement. KBA, joined by St. Paul, brought a third party action against Smith Masonry, alleging a contractual right to be indemnified for all sums paid to plaintiffs. Smith Masonry brought a fourth party action against C & G Midwest Insurors Agency (C & G) and its agent, Robert Gibbs (Gibbs), for their failure to secure liability insurance to cover Smith Masonry during the course of the construction project. Smith Masonry appeals from the judgment, in a court-tried case, in favor of KBA on KBA's third party action for indemnity for the full amount of the settlement. C & G and Gibbs appeal from the trial court's judgment in favor of Smith Masonry in the fourth party action, which held C & G and Gibbs liable for one-half of the settlement. We affirm both judgments.

Our review of a court-tried case is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The record reveals that KBA contracted with the State of Missouri (State) to provide construction management services for a State office building. Smith Masonry contracted with the State to do the masonry work on the building. The contract between Smith Masonry and the State required Smith Masonry to secure the following insurance coverage:

ARTICLE 21—INSURANCE:

\* \* \* \* \* \*

B.  Contractor shall provide and maintain during the life of the contract ...

d.  *Owner's Protective Liability Insurance:* ... for protection of the Owner, the Construction Manager and the Consultant protecting them against the standard hazards, except liability from operation of trucks and automobiles, and with the amount of coverage provided in the Public Liability and Property Damage Insurance of Contractor....

The standard language of an "Owner's Protective Liability" (OPL) insurance policy reads in pertinent part:

I.  **COVERAGE A–BODILY INJURY LIABILITY**
**COVERAGE B–PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage A **bodily injury** or

Coverage B **property damage**

to which this policy applies caused by an **occurrence** and arising out of (1) operations performed for the **name insured** by the contractor designated therein or (2) acts or omissions of the **name insured** in connection with his general supervision of such operations and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **injury** or **bodily damage**....

In addition, the agreement between Smith Masonry and the State contained the following provision:

ARTICLE 25—INDEMNIFICATION:

A.  Contractor agrees to indemnify and save harmless Owner and Consultant and Construction Manager, their agents, servants and employees, from and against any and all liability for damage arising from injuries to persons or damage to property occasioned by any acts or omissions of Contractor, any subcontractors, agents, servants or employees, including any and all expense, legal or otherwise, which may be incurred by Owner or Consultant or Constructiion (sic) Manager, its agents, servants or employees, in defense of any claim, action or suit, irrespective of any claims that an act, omission or negligence of Owner or Consultant or Construction Manager, its agents, servants or employees contributed to such injury or damage.

St. Paul provided KBA with general liability insurance for the project. Smith Masonry contacted C & G through its agent, Gibbs, and requested that it provide OPL insurance during the construction project. The insurance Smith Masonry purchased from C & G, however, did not include OPL

insurance, although the binder furnished by C & G to Smith Masonry and the State purported to provide such coverage.

Wolfgang Waterwiese, an employee of Smith Masonry, was injured when he fell from scaffolding while working on the construction of the State office building. Wolfgang Waterwiese received benefits from Smith Masonry under the Workers' Compensation Act. Wolfgang Waterwiese and his wife, Erica Waterwiese, (jointly referred to as Waterwiese) then brought an action against KBA for its failure to prohibit the use of scaffolding which was not in compliance with federal O.S.H.A. requirements. KBA filed a third party action against Smith Masonry, which was severed for a separate trial. After the jury returned a verdict in the amount of $157,000.00 in favor of Waterwiese, KBA settled with Waterwiese for $138,000.00. Pursuant to its policy with KBA, St. Paul paid the full amount of the settlement and all costs and attorney's fees incurred in the defense of the Waterwiese action.

After the settlement, KBA filed a second amended third party petition against Smith Masonry. KBA sought reimbursement from Smith Masonry for the settlement paid to Waterwiese, plus attorney's fees and costs. Count I of KBA's petition was based on Smith Masonry's failure to obtain OPL insurance in conformity with Article 21 of the contract. Count II was based on Article 25, the indemnification clause of the contract. St. Paul joined in the action as an additional third party plaintiff. Smith Masonry then filed a fourth party petition against C & G and Gibbs on the ground that they had neglected to provide the OPL insurance coverage requested by Smith Masonry.

The third and fourth party actions were bench-tried. The trial court entered judgment in favor of KBA and St. Paul in the third party action, finding that Smith Masonry must indemnify KBA and St. Paul in the full amount of the settlement ($138,000.00), with interest from the date of the settlement, plus costs and attorney's fees ($19,903.54) incurred in defending the Waterwiese action. The court also entered

judgment in favor of Smith Masonry in the fourth party action in the amount of $88,253.54, plus interest from the date of settlement, and also assessed all costs of the third and fourth party actions against C & G and Gibbs. Smith Masonry appeals from the trial court's judgment in favor of KBA and St. Paul. C & G and Gibbs appeal from the trial court's judgment in favor of Smith Masonry. The appeals were consolidated for our review.

We first consider the appeal by Smith Masonry. In its first point, Smith Masonry alleges that the trial court erred in finding that its contract with the State required it to indemnify KBA.

Smith Masonry initially claims that the Missouri Workers' Compensation Act, specifically Section 287.120.1, RSMo (1986)), insulates it from liability. Section 287.120.1 provides:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injuries arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person....

In *McDonnell Aircraft Corp. v. Hartman–Hanks–Walsh Painting Co.*, 323 S.W.2d 788, 796 (Mo.1959), the Missouri Supreme Court held that the language *"therefor whatsoever"* means:

> [A]ll other liability 'for personal injuries or death of the employee'; and does not mean liability for breach of an independent duty or obligation owed to a third party.... Since such third parties receive no benefit from the compensation act ... in the absence of an express provision in the Act, it does not seem proper to hold that, by implication, the Act has taken from them rights which they had before.

Although an employer is generally immune from civil suits because of workers' compensation, the employer can contract to indemnify a third party for damages which the third party is liable to pay an employee. The Workers' Compensation Act allows the

employer to be contractually responsible to a third party if the third party is found to be negligent. The employer is not held liable for the personal injury of his employee, but instead is held liable for the breach of an independent duty to a third party which he expressly agreed to perform. *Id.* KBA's action against Smith Masonry is based on contractual indemnity, with the result that the Workers' Compensation Act does not bar recovery from Smith Masonry.

The crucial issue then is whether Smith Masonry contractually agreed to provide indemnification where the basis of the liability asserted in the action against KBA was KBA's own negligence. Smith Masonry asserts that the contract does not require indemnification for injuries caused by KBA's own negligence.

■ *Parks v. Union Carbide Corp.*, 602 S.W.2d 188 (Mo. banc 1980) recognizes that a non-employer can enter into an agreement with an employer by which the employer agrees to indemnify the non-employer, despite the non-employer's negligence. The sole requirement is that the terms of the indemnification clause of the contract be clear and unequivocal. Words in the clause must be given their plain, ordinary meaning, as found in a dictionary. *Missouri Pac. R. Co. v. Rental Storage & Transit Co.*, 524 S.W.2d 898, 908 (Mo.App. 1975).

■ Article 25 of the contract between Smith Masonry and the State expressly provides for Smith Masonry's indemnification of KBA:

> Contractor agrees to *indemnify* and save harmless ... Construction Manager ... from and against any and all liability ... *occasioned by any acts or omissions* of Contractor ... *irrespective of any claims that ... negligence* of ... Construction Manager ... contributed to such injury ... (emphasis added).

Within the meaning of the agreement, Smith Masonry is the Contractor and KBA is the Construction Manager. "Occasion" means "bring about," Webster's Third New International Dictionary 1560 (1981); "irrespective of" means "regardless of." *Id.* at 1196. The terms of Article 25 of the contract can be construed to mean that Smith Masonry would indemnify KBA from liability "brought about" by Smith Masonry's own acts in erecting the scaffolding, "regardless of" KBA's own negligence in permitting the scaffolding to be erected. The terms of Article 25 are clear and unambiguous and evince Smith Masonry's intent to indemnify KBA for KBA's own acts of negligence. *Compare Bonenberger v. Associated Dry Goods Co.*, 738 S.W.2d 598 (Mo.App.1987) (the provision in the contract did not use the word "indemnify" and did not specifically exempt the contracting party from liability arising from its own "acts or omissions.")

■ Parenthetically, we note that KBA has the right to enforce the indemnification clause in the contract between Smith Masonry and the State without also being a party to the contract because KBA was the third party beneficiary of that contract. *See Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 213 (Mo.App. 1987). Smith Masonry's first point is denied.

■ Smith Masonry's second point charges error in the trial court's entering judgment in favor of KBA and St. Paul because neither had a cause of action against Smith Masonry. Because St. Paul paid the settlement with Waterwiese, KBA suffered no damage. Further, because St. Paul was not a party to the contract between the State and Smith Masonry, St. Paul was not entitled to enforce the indemnification clause in the contract. The trial court expressly found that there was no assignment of KBA's claims against Smith Masonry to St. Paul.

We agree with the trial court's determination that KBA did not assign its claim to St. Paul. *Kroeker v. State Farm Mut. Auto. Ins. Co.*, 466 S.W.2d 105, 110 (Mo. App.1971) distinguishes between the assignment of a claim and subrogation to a claim. When there is an assignment of an entire claim there is a complete divestment of all rights from the assignor and a vesting of those same rights in the assignee. In the case of subrogation, however, only

an equitable right passes to the subrogee and the legal title to the claim is never removed from the subrogor, but remains with him throughout. *Id.*

As a general rule, any person who, pursuant to a legal obligation to do so, has paid even indirectly, for a loss or injury resulting from the wrong or default of another will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter, persons who stand in the shoes of the wrongdoer, or others who, as the payor, are primarily responsible for the wrong or default.

*Id.* (quoting 83 C.J.S. Subrogations § 16.)

Here, St. Paul, pursuant to a contract of insurance with KBA, paid the settlement to Waterwiese. St. Paul, therefore, became entitled to recover the money it paid in settlement to Waterwiese. St. Paul became subrogated to KBA's right of recovery against Smith Masonry in the amount of that settlement. There was no assignment of KBA's claim. Smith Masonry's second point is denied.

We next turn to C & G and Gibb's appeal from the trial court's judgment in favor of Smith Masonry in the fourth party action in the amount of $88,253.54. In its first point, C & G and Gibbs (jointly referred to as C & G) contend that the trial court erred in entering judgment in favor of Smith Masonry because KBA suffered no damage as a result of Smith Masonry's failure to procure OPL insurance. In essence, C & G's argument reiterates that presented in Smith Masonry's second point on appeal. In view of our above discussion under that point, it is unnecessary to reconsider the same claim of error in this appeal. C & G's first point is denied.

■ In its second point, C & G claims that the State's and KBA's permitting Smith Masonry to work on the project without OPL insurance constituted a waiver of Smith Masonry's contractual obligation to procure such insurance. Whether the State's and KBA's acts can be construed as an implied waiver is a question of fact. *See Steinberg v. Fleischer,* 706 S.W.2d 901, 905 (Mo.App.1986). To rise to the level of a waiver, the State's and KBA's actions must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of their conduct is possible. *See Id.*

■ Here, the evidence was that Smith Masonry requested OPL insurance coverage from Gibbs, C & G's agent, who furnished a binder to the State which purported to provide that coverage. Smith Masonry and the State relied on the information contained in the binder. The evidence established that, although an expiration date was noted in the binder for the termination of OPL insurance coverage, the binder also stated that written notice would be furnished prior to cancellation of the coverage. No such notice was provided either to the State, or to KBA, or to Smith Masonry. The State's and KBA's actions did not clearly evince an intention to release Smith Masonry from the obligation to carry OPL insurance. There was substantial evidence on the record to support the trial court's determination that there was no waiver of the OPL insurance requirement. C & G's second point is denied.

In its third point, C & G claims that the standard language in the OPL insurance contract precludes Waterwiese's recovery against KBA in the underlying action. C & G points to specific exclusions in the contract:

**Exclusions**

This policy does not apply:

\* \* \* \* \* \*

(c) to **bodily injury** ... arising out of any act or omission of the **named insured** or any of his employees other than general supervision of **work** performed for the **named insured** by the designated contractor

\* \* \* \* \* \*

(e) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured**....

■ We note that C & G has the burden of establishing that Smith Masonry could not have recovered even if the requested

OPL insurance had been issued. *See Morgan v. Wartenbee*, 569 S.W.2d 391, 397 (Mo.App.1978). The trial court specifically found that C & G failed to carry that burden of proof.

■ C & G first claims that, in contravention of Exclusion (c), Waterwiese's injuries arose out of an "act or omission" of KBA, not out of KBA's "general supervision of work." The evidence in the instant action was that Waterwiese sustained injury as a result of KBA's failure to adequately supervise the work; in particular, Smith Masonry's erection of scaffolding was not in compliance with O.S.H.A. safety requirements. Waterwiese's injury did arise out of KBA's general supervision of the construction project. C & G did not establish that Exclusion (c) was applicable to the facts in the present case.

■ C & G next asserts that Exclusion (e) bars coverage for Waterwiese's injuries because Waterwiese was KBA's statutory employee pursuant to § 287.040, RSMo (1986). Section 287.040.1 defines a statutory employee as follows:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

To categorize an individual as a statutory employee, three elements must be present: (1) the work was performed pursuant to a contract; (2) the injury occurred on or about the premises of the statutory employer; and (3) the work was in the usual course of business of the statutory employer. *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 190 (Mo.App.1991). Missouri courts have used additional factors to determine whether the above elements have been met: the right of the employer to replace the employee, whether the work was incidental to the business rather than in furtherance of the usual course of business, and whether the work was isolated occasional specialty work. *Wood v. Procter and Gamble Mfg. Co.*, 787 S.W.2d 816, 819 (Mo.App.1990).

Here, the evidence was that the contract for the masonry work was solely between Smith Masonry and the State, not between Smith Masonry and KBA. KBA had a separate, independent contract with the State to supervise the construction of the office building. KBA did not hire Smith Masonry to perform the masonry work on the project. In addition, there was no evidence that KBA controlled or had the right to control Waterwiese in the performance of his job-related duties. Waterwiese was hired, paid, and controlled by Smith Masonry. Further, there was no evidence that masonry work was work which was done in the usual course of KBA's business. C & G did not sustain its burden to establish that Waterwiese was a statutory employee of KBA such that Exclusion (e) would apply. The trial court properly found that the exclusions in the standard OPL insurance contract did not preclude coverage for Waterwiese's action. C & G's third point is denied.

■ In its final point, C & G claims the trial court erred in ordering it to pay the legal expenses incurred by KBA in the underlying action by Waterwiese. Missouri follows the "American Rule" which states that, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees. *Washington University v. Royal Crown Bottling Co. of St. Louis*, 801 S.W.2d 458, 468 (Mo.App.1990).

■ In the instant action, there was a contractual basis for the trial court's awarding attorney's fees. Article 25 provided that Smith Masonry indemnify KBA for all legal expenses incurred in defending Waterwiese's action. In addition, the standard OPL insurance contract, which Smith Masonry requested from C & G, provided that C & G defend any suit brought against Smith Masonry for damages. Because legal fees were included in the liability imposed on Smith Masonry and because C &

G would have been obligated to defend any action brought against Smith Masonry, the trial court properly awarded Smith Masonry the entire amount of attorney's fees incurred by KBA in the defense of the Waterwiese action. C & G's fourth point is denied.

The trial court's judgment in favor of KBA and St. Paul on their third party claim against Smith Masonry is affirmed. The trial court's judgment in favor of Smith Masonry in its fourth party action against C & G and Gibbs is affirmed.

GRIMM, P.J., and SATZ, J., concur.