812 F.Supp. 947 (1993)
Donald BURCHAM, Plaintiff,
v.
The PROCTER & GAMBLE MANUFACTURING COMPANY, Defendant/Third-Party Plaintiff,
v.
BAZAN PAINTING COMPANY, Third-Party Defendant.
No. 91-2183C(6).
United States District Court, E.D. Missouri, E.D.
February 18, 1993.
Timothy J. Farrell, Burlison & Farrell, O'Fallon, MO, for Donald Burcham.
William M. Corrigan, Jr., Frank N. Gundlach, Armstrong and Teasdale, St. Louis, MO, for Procter & Gamble Manufacturing Co.
John G. Doyen, Brinker and Doyen, St. Louis, MO, for Bazan Painting Co.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendant Bazan Painting Company's *948 (Bazan) motion to dismiss a third-party claim for indemnification brought by defendant, Procter & Gamble Manufacturing Company (P & G). The motion has been fully briefed by the parties.
In this suit plaintiff Donald Burcham seeks recovery from P & G for injuries allegedly sustained when he stepped into a hole on the roof of one of P & G's facilities. At the time of the incident Burcham was performing work for his employer, Bazan, at a P & G facility. P & G removed the action from the Circuit Court for the City of St. Louis and filed a third party claim sounding in indemnity against Bazan. P & G's claim against Bazan is premised upon an alleged contractual agreement by Bazan to indemnify P & G for claims arising as the result of personal injury sustained by Bazan's employees unless those injuries are found to be caused by the sole negligence of P & G. See Third-Party Complaint at Par. 5.
Bazan has moved to dismiss this claim on several grounds: 1) that the contractual indemnity provision is unenforceable because it appears on the back of a preprinted form and is inconspicuous; 2) that the negligence alleged is solely that of P & G; and 3) that P & G is not entitled to indemnification because it acquiesced in the dangerous condition of its property which allegedly caused plaintiff's injury.
Under Missouri law a non-employer can enter into an agreement with an employer by which the employer agrees to indemnify the non-employer, despite the non-employer's negligence. Waterwiese v. KBA Const. Managers, Inc., 820 S.W.2d 579, 584 (Mo.App.1991). Under Missouri law such provisions are narrowly construed and the terms must be clear and unequivocal. See id. "The indemnity provision must also be placed in the contract so that the indemnitor has fair notice of its existence...." United States v. Conservation Chemical Co., 653 F.Supp. 152, 235 (W.D.Mo.1986) (citation omitted).
Upon review of the contract attached to and the arguments presented in Bazan's motion to dismiss, the Court concludes that the indemnity provision at issue here is not sufficiently conspicuous to warrant its enforcement. The provision appears in small print on the back of a boiler plate purchase order form supplied to Bazan by P & G. It is surrounded by unrelated terms and is not highlighted, printed in bold type or otherwise set apart from the other provisions in the contract in order that a contractor such as Bazan would note its inclusion in the contract. "[W]here a provision appear[s] on the back of a printed form surrounded by unrelated terms, it is not conspicuous and may not be enforced." Id. On the basis of the foregoing, the Court concludes that Bazan's motion to dismiss the third-party complaint for indemnification shall be and it is granted.