Ernest SHAPIRO, Appellant,

v.

Mary Frances SHAPIRO, Respondent.

Nos. 49533, 49555.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1985.

William J. Fletcher, Clayton, for appellant.

Alan Edward Freed, Clayton, for respondent.

SMITH, Judge.

Both parties appeal from an order of the trial court denying husband's motion to quash an execution for arrearages in maintenance which order additionally reduced the execution by $1,070.00.

The marriage of the parties was dissolved in August 1977. The decree incorporated a separation agreement which provided for maintenance to the wife of $175 per week. Husband testified that he signed the agreement after a discussion with wife in which both agreed he would only have to pay $165 per week despite the provisions of the agreement. Wife denied any such discussion. Shortly after the dissolution husband asked wife if he could make the payments monthly (rather than weekly) in the amount of $729 per month. Wife agreed to accept monthly payments and testified she assumed that $729 monthly was equivalent to $175 weekly. That assumption, of course, was wrong. She received those payments until 1980 when some dispute arose and husband stopped the payments. The parties reached an agreement for that arrearage and husband paid the arrearage at $729 per month. The payments continued thereafter until September 1983 when husband stopped making payments. Wife sought an execution for all maintenance due since September 1983 and for the difference between $729 monthly and $175 weekly since the dissolution.

The trial court upheld the execution for the full amount sought by the wife after the 1980 settlement but reduced the execution by the difference between $729 monthly and $175 weekly from the date of the dissolution to the settlement in 1980.

 It is apparent that the trial court accepted the wife's testimony that she did not agree to less than $175 weekly and that she did not become aware of the discrepancy in maintenance payments until after husband stopped paying in 1983. Upon that factual finding husband's contention of waiver by acquiescence founders. Delay in demanding payment or acceptance of a lesser sum than owed does not preclude a claim for the full amount. *Vincent v. Vincent*, 584 S.W.2d 152 (Mo.App.1979) [1]. Waiver is the intentional relinquishment of a known right and if implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right. *Ehrle v. Bank Building Corporation of America*, 530 S.W.2d 482 (Mo.App.1975) [4]. The wife's testimony warrants the conclusion that the acceptance of payment of a lesser amount than due was the product of a mistake by her and not an intentional relinquishment of the larger amount. We find no merit to husband's appeal.

 As to wife's cross-appeal, we are unable to find support in the evidence for a reduction of the execution for pre-1980 arrearages: Payment of a part of a debt does not satisfy the whole debt in the absence of an agreement supported by consideration. *Penney v. White*, 594 S.W.2d 632 (Mo.App.1980) [7, 8]. The discontinuation of payments in 1980 occurred as a result of a dispute "over some payments around the house ..." No further explanation appears in the evidence. There is no evidence that wife received any benefit from the "settlement" or that husband suffered any legal detriment. There was, in short, no evidence of consideration. Further, the evidence does not establish that the "settlement" in anyway involved payments predating husband's discontinuance of payments. The only evidence is that it concerned only the period in 1980 when hus-

band made no payments. We find, therefore, neither an agreement nor consideration to support satisfaction of the unpaid debt.

The order denying the motion to quash execution is affirmed except for that portion reducing the amount of the execution, which is reversed and the cause is remanded for entry of a corrected order. Wife's motion to dismiss the husband's appeal is denied.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.