Donna FRISELLA, Plaintiff/Appellant,

v.

RVB CORPORATION, d/b/a Carpet
Specialists, Defendant/Respondent.

No. 73704.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 13, 1998.

Thompson Coburn, Bruce D. Ryder, Timothy F. Noelker, Michael T. Marrach, Steven E. Kellogg, St. Louis, for plaintiff/appellant.

Holtkamp, Liese, Beckemeier & Childress, P.C., G.N. Beckemeier, Jr., Brent J. Burtin, St. Louis, for defendant/respondent.

PUDLOWSKI, Presiding Judge.

Donna Frisella (Frisella) appeals the trial court's grant of summary judgment in favor of RVB Corporation, d/b/a Carpet Specialists (Carpet). Frisella filed a five count suit against Carpet. In her third count, she alleged that Carpet breached her employment contract and as a result she did not receive her final $20,000 severance payment. Carpet answered and filed a five count counterclaim. In the pertinent count for this appeal, Carpet alleged that Frisella was unjustly enriched by receiving two previous severance payments and that she was not entitled to said remuneration. Additionally, Carpet filed a motion to suppress the record on appeal which we duly note and grant.

Frisella filed a motion for partial summary judgment as to the third count of her petition. Carpet opposed and argued that because the first and second severance payments were made by mistake, there existed a genuine issue of fact. The trial court denied Frisella's motion.

Subsequently, Carpet filed its motion for summary judgment on 8 October 1997 seeking a reimbursement from Frisella of the two severance payments. Carpet argued that based on the anti-waiver and integration clauses of two ensuing agreements, it was entitled to a repayment as a matter of law. Frisella argued in her response that anti-waiver clauses in Missouri are unenforceable and that, as Carpet represented earlier in its response to Frisella's motion for summary judgment, Carpet's conduct of making the two severance payments was a material factual dispute that would defeat summary judgment. The trial court granted Carpet's motion for summary judgment and ordered Frisella to repay the first two severance installments. Additionally, the trial court disallowed Frisella's claim to the third severance payment.

In review of summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is intended to move the parties beyond the petition allegations and determine if a genuine issue of material fact exists for trial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). Appellate review of the grant of summary judgment is purely a question of law and, hence, uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

Summary judgment will be granted as a matter of law to the moving party when there is no genuine issue as to any material fact. Rule 74.04(c)(3). The moving party bears the burden of establishing a right to judgment as a matter of law; any evidence presented that demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *Landes v. State Farm Fire and Casualty Company*, 907 S.W.2d 349, 353 (Mo.App. W.D.1995). An issue is genuine only if it is real and substantial; it may not consist "of conjecture, theory and possibilities." *ITT Commercial Finance*, 854 S.W.2d at 378.

Following the moving party's prima facie showing for its summary judgment motion, summary judgment will be granted if the responding party fails to reply with specific facts showing a genuine issue of material fact exists for trial or with a demonstration that judgement as a matter of law is incorrect. Rule 74.04(e). Once the moving party has established right to judgment as a matter of law, the non-moving party's only recourse is to show that there is a genuine dispute of a material fact by offering affidavits, depositions, answers to interrogatories, or admissions. *ITT Commercial Finance,* 854 S.W.2d at 381. In our review, the facts are construed most favorably to the party against whom the summary judgment was entered. *Lindell Trust Co. v. Lieberman,* 825 S.W.2d 358, 359 (Mo.App. E.D.1992); *Gast v. Ebert,* 739 S.W.2d 545, 546 (Mo. banc 1987).

On 19 July 1991, Frisella entered into a three year employment contract with Carpet (Agreement 1) which granted Frisella a $60,000 severance package. The severance package[1] was to be paid, without regard to the manner in which Frisella may be terminated, in three annual installments of $20,000 beginning in July 1994. Agreement 1 also provided that if Frisella continued her employment with Carpet following 16 July 1994, she would still be entitled to the severance package.

Carpet required Frisella to sign a new employment contract on 5 April 1994 (Agreement 2). This contract covered a one year term, with a one year renewal clause, and did not contain the severance provision of Agree-

ment 1. Agreement 2 embodied a standard integration clause[2] and an anti-waiver provision.[3] Two months after the execution of Agreement 2, Carpet paid Frisella the first installment of the severance provision under Agreement 1.

Frisella again signed another employment contract on 8 June 1995 (Agreement 3). Agreement 3 did not contain the severance provision from Agreement 1, but did contain the integration and anti-waiver provisions of Agreement 2. In August 1995, Carpet sought the advice of counsel and then paid Frisella the second installment of the severance provision from Agreement 1. Subsequently, Carpet terminated Frisella's employment in August 1995.

The final installment of Frisella's severance provision from Agreement 1 was payable to her no later than 16 July 1996. Carpet never made this last payment despite Frisella's demands.

Frisella avers the trial court erred in granting summary judgment in favor of Carpet because Carpet's action of making two severance payments created a genuine issue of material fact as to whether Frisella was entitled to the monetary payments by waiving the integration clauses of Agreements 2 and 3. Under this argument, Frisella maintains that Carpet failed to establish that there was no genuine dispute as to all of the facts necessary to support its unjust enrichment counterclaim.

## DISCUSSION

1.  The agreement reads:
    In the event that this Agreement is terminated as provided in subparagraph (a) [for cause termination] or (c) [Frisella's granting of notice] hereof, the severance pay shall be paid to Employee in three (3) equal installments of $20,000.00 each, the first installment to be paid no later than the date on which the original term of this Agreement would have expired, and the second and third installments shall be paid on the first and second anniversaries, respectively, of the date on which the first installment is paid.

2.  The clause reads:
    This Agreement constitutes the entire agreement between the parties hereto regarding the subject

matter hereof, and supersedes all other prior agreements and undertakings, both written and oral, among the parties, or any of them, with respect to the subject matter hereof and thereof.

3.  The anti-waiver provision states:
    Neither this Agreement nor any provision hereof may be changed, modified, amended, discharged, terminated or waived orally or by any course or purported course of dealing, but only by an agreement in writing signed by Employer and Employee. The waiver of any breach of, or the failure to enforce any provision of, this Agreement shall not be deemed to be a waiver or acquiescence in any other breach thereof or a waiver of any such provision.

*Effect of an Integration Clause in a Contract*

■ The law presumes that the contract is the final memorial of the parties' agreement and it incorporates all prior and contemporaneous agreements. *Union Elec. Co. v. Fundways*, Ltd., 886 S.W.2d 169, 170 (Mo. App. E.D.1994). An integration clause generally confirms the all-inclusive nature of the document. Carpet does not contest the admissibility of Agreement 1.

Frisella claims Carpet waived the integration clause in Agreements 2 and 3 because it voluntarily made two of the three severance payments to Frisella. Agreements 2 and 3 did not provide for the severance payments. Carpet argues that the integration clauses incorporated Agreement 1 into Agreement 2 and subsequently into Agreement 3 and under general contract construction, Frisella may not bring in evidence of prior agreements between the two parties. This forecloses its need to pay Frisella.

■ While Carpet's interpretation of its right not to disturb an agreement may be viable in many circumstances, Carpet's conduct may have waived this right. Whether Carpet's acts can be construed as an implied waiver is a question of fact. An intentional relinquishment of a known right constitutes a waiver. *Acetylene Gas Co. v. Oliver*, 939 S.W.2d 404, 409 (Mo.App. E.D.1996). "To rise to the level of a waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right of benefit that no other reasonable explanation of the conduct is possible." *Id.* (citing *Waterwiese v. KBA Constr. Managers, Inc.*, 820 S.W.2d 579, 585 (Mo.App.1991)).

Carpet claims that it mistakenly made the first severance payment. Prior to Frisella's second severance payment, Carpet consulted with its attorney. Frisella requested the third payment which Carpet denied. Carpet's allegations of mistake as a matter of law under Agreements 2 and 3 are actually mistakes of fact. This creates a genuine issue which is properly resolved by a jury. Carpet's action of making the first payment and the second payment after consultation with its attorney does not entitle it to a judgment as a matter of law. The possibility that these actions created a waiver must be determined by the jury not this Court.

We believe there exists a genuine issue of fact and this matter should be reversed and remanded as to Carpet's motion for summary judgment. Because Frisella's motion for summary judgment was denied and not appealable, we do not address her complaint as intertwined in her sole point relied on.

The judgment of the trial court is reversed and remanded.

CRANDALL and AHRENS, JJ., concur.