**SPENCER REED GROUP, INC., Respondent,**

v.

**William H. PICKETT, Appellant.**

**No. WD 63909.**

Missouri Court of Appeals, Western District.

May 31, 2005.

Dake Thurman Greis, Kansas City, for Appellant.

J. Brock Rowatt and Michael Berman, Kansas City, for Respondent.

RONALD R. HOLLIGER, Judge.

Spencer Reed Group, Inc. (Spencer Reed), sued William H. Pickett, P.C. ("Law Firm") for the balance of an unfulfilled contract price for the referral of any attorney for Law Firm's employment. Law Firm raised the affirmative defense of material breach by Spencer Reed and now appeals a judgment in favor of Spencer Reed. Viewing the evidence in the light most favorable to the verdict, we find that (1) Spencer Reed had an obligation to re-fer only licensed attorneys to Law Firm under the contract; (2) Spencer Reed materially breached the contract when it referred an individual not licensed to practice law in any state; and (3) there was sufficient evidence to support a finding that Law Firm waived the term requiring that Spencer Reed refer only licensed attorneys.

Affirmed.

### Facts

Law Firm is a Kansas City law firm specializing in personal injury trial work. Spencer Reed is a personnel-staffing company, a division of which specializes in placing attorneys and legal personnel.

In September of 2002, an agent of Law Firm contacted Spencer Reed requesting assistance in finding an attorney to replace an associate attorney who had left the firm. Law Firm's office manager filled out a Job Order form to aid Spencer Reed in its search for a potential candidate. The form indicated that the open position was for an "associate attorney." The parties subsequently entered into a Guarantee and Fee Agreement that was signed by representatives of both parties.

In the Agreement, the parties agreed that Spencer Reed would refer a candidate to Law Firm for the open position. In return, Law Firm agreed to pay a fee to Spencer Reed that would be due only if and when Law Firm hired a candidate referred by Spencer Reed. The fee would be determined by a formula set forth in the agreement: 25 percent of the employee's first year salary. Although there is no dispute that Law Firm requested Spencer Reed to refer an associate attorney, neither the Job Order nor the Guarantee Agreement indicate that the candidate referred must be admitted to practice law in Missouri or any other state.

In October of 2002, Spencer Reed referred Joseph Wormington, an unlicensed law school graduate, to Law Firm to interview for the position of associate attorney. Spencer Reed had no idea whether he was licensed and had not even asked. At trial there was much dispute as to when Law Firm learned that Wormington had no law license. Nothing on his resume at the time indicated whether he was licensed to practice law. Wormington testified at trial that he disclosed during the interview that he had failed the Kansas bar exam and was planning to take both the Kansas and Missouri bar exams in the future.

Needless to say, Spencer Reed's screening process of Wormingtion was less than rigorous. Although Spencer Reed represented that it was in the business of placing attorneys for employment, it failed to elicit such basic information as to whether Wormington was licensed to practice law in any state. At trial Spencer Reed argued that any law school graduate met the definition of "associate attorney." Setting aside for a moment the dispute as to when the parties were informed that Wormington had no license, one thing is clear: after the interview, Wormington, having never received a license to practice law, was hired by Law Firm as an associate attorney at a salary of $40,000 per year.

Law Firm claimed at trial that it first learned that Wormington was not licensed to practice law approximately two weeks later; however, the firm elected not to dismiss Wormington, but instead reduced his salary to $35,000 per year. After learning that Wormington had no license to practice and his salary had been lowered, Spencer Reed unilaterally reduced its fee to 25 percent of $35,000, or $8,750. Thereafter, Law Firm paid $2,000 to Spencer Reed. Spencer Reed invoiced Law Firm for the balance of its fee for placing an "associate attorney," but Law Firm refused to pay any additional sum. Spencer Reed then sued for the balance. After a bench trial, a judgment was entered in favor of Spencer Reed for $6,750. Law Firm appeals.

### Standard of Review

■ The standard of review for a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): The judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Neither party requested findings of fact and conclusions of law. Because the trial court did not make specific findings, the trial court is deemed to have made its findings in accordance with the decree entered, and its judgment will be affirmed under any reasonable theory supported by the evidence. *R.J.S. Sec., Inc. v. Command Sec. Servs., Inc.*, 101 S.W.3d 1, 22 (Mo.App. 2003).

### Discussion

■ Law Firm argues on appeal that Spencer Reed, in referring an individual without a law license for an associate attorney position, failed to provide consideration triggering Law Firm's obligations under the contract; breached the covenant of good faith and fair dealing; and materially breached the contract. Law Firm also argues that there is insufficient evidence to support the judgment and that the judgment is against the weight of the evidence.

■ Viewing the evidence in the light most favorable to the judgment, it is clear that Spencer Reed materially breached the contract by referring a candidate who was not licensed to practice law. A material breach is one where the breach relates to a vital provision (i.e., material term) of the agreement and cannot relate simply to a

subordinate or incidental matter. *Patel v. Pate*, 128 S.W.3d 873, 878 (Mo.App.2004).

Although denied at trial, Spencer Reed finally admitted at oral argument that their obligation under the contract to furnish candidates for the position of "associate attorney" was to furnish licensed law school graduates. The condition that any candidate referred to Law Firm be qualified as an attorney was a vital provision to the agreement and not a subordinate or incidental matter. Thus, Spencer Reed materially breached the contract when it referred a non-attorney as a candidate for employment as an associate attorney.

▮▮▮ Spencer Reed argues, in the alternative, that Law Firm waived any condition that referred candidates be licensed attorneys. A party may waive any condition of a contract in the party's favor, *Bellos v. Winkles*, 14 S.W.3d 653, 655 (Mo. App.2000), and that waiver may be implied from conduct. *Howe v. Lever Bros. Co.*, 851 S.W.2d 769, 775 (Mo.App.1993). However, to rise to the level of a waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of [the] conduct is possible. *Id.*

Spencer Reed claims that there was substantial evidence indicating that Law Firm agreed to waive any condition that candidates referred be licensed attorneys. The factual basis Spencer Reed points to in support of this contention is Wormington's testimony that, during his interview, he revealed that he had failed the Kansas bar exam and was planning to take both the Kansas and Missouri bar exams at a later date.

In appeal of a judge-tried case, all fact issues upon which no specific findings were made by trial court are considered as having been found in accordance with result reached, and judgment will be upheld on

any reasonable theory supported by evidence. *Weatherwax v. Redding*, 953 S.W.2d 162, 167 (Mo.App.1997). Despite our misgivings about Spencer Reed's position that it is entitled to a placement fee even for furnishing an unlicensed attorney, our standard of review prevents a conclusion by this court that Law Firm did not waive the breach by Spencer Reed. As a court of error, we must view the judgment in the light most favorable to the verdict and reverse only if the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32. Evidence was presented that Law Firm was informed that Wormington was not a licensed attorney prior to hiring him. It is certainly a reasonable conclusion that by hiring Wormington notwithstanding, Law Firm waived the requirement.

▮▮▮ Similarly, Law Firm's argument that Spencer Reed breached the covenant of good faith and fair dealing must fail. Missouri law implies a covenant of good faith and fair dealing in every contract. *RGB2, Inc. v. Chestnut Plaza, Inc.*, 103 S.W.3d 420, 422 n. 1 (Mo.App.2003). The party claiming breach of the implied covenant of good faith must present substantial evidence that it has been violated. *Schell v. LifeMark Hosps. of Missouri*, 92 S.W.3d 222, 230 (Mo.App.2002). Although it is clear that Spencer Reed materially breached the contract, a material breach does not necessarily equal a breach of the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing encompasses an obligation imposed by law to prevent opportunistic behavior, that is, the exploitation of changing economic conditions to ensure gains in excess of those reasonably expected at the time of contracting. *Id.* Though phrased in moralistic overtones, good faith does not import into

contract law the negligence principles of tort law. *Id.*

The evidence presented at trial does not support a finding that Spencer Reed violated the implied covenant of good faith and fair dealing. There is no evidence that Spencer Reed attempted to intentionally undermine the fulfillment of the contract. That their actions under the contract were incompetent or even negligent is obvious, yet that does not mean that they acted in bad faith.

 Law Firm's final argument is that the judgment was against the weight of the evidence. We are naturally reluctant to reverse a judgment on that ground unless the evidence clearly indicates that the trial court reached the incorrect result. *Bland v. Schubert,* 941 S.W.2d 24, 26 (Mo. App.1997). Here, Law Firm presented no evidence from any person involved in the interview to rebut Wormington's claim that he disclosed his lack of a license. That he also admitted that Law Firm's senior partner seemed surprised when Wormington later (when being introduced as an attorney) denied that status does not constitute such evidence necessary for us to believe that the trial court's judgment was against the weight of the evidence.

The judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.