**REECE & NICHOLS REALTORS, Appellant,**

v.

**Patricia L. ZOLL, Respondent.**

**No. WD 65308.**

Missouri Court of Appeals, Western District.

Aug. 15, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 26, 2006.

---

Loren W. Moll, Overland Park, KS, for Appellant.

William J. Foland, Jr., Kansas City, MO, for Respondent.

Wendee N. Elliott and Michael L. Belancio, Kansas City, MO, Co-counsels for Respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and PAUL M. SPINDEN, JJ.

THOMAS H. NEWTON, Presiding Judge.

Reece & Nichols Realtors (Reece & Nichols), a licensed real estate broker, appeals a judgment in favor of Ms. Patricia L. Zoll, who defended against a breach of contract action. We reverse.

### Factual and Procedural Background

Ms. Zoll entered into an exclusive buyer agency agreement (Agreement) with Reece & Nichols who agreed to locate a home for Ms. Zoll in the Kansas City area and assist with the buyer-seller negotiations. Under the terms of the Agreement, the business arrangement began on May 23, 2003, and would expire on July 31, 2003, at midnight unless terminated earlier by either party. As compensation, Reece & Nichols would receive a 3.5% commission on the purchase price and a $160.00 administrative commission.

Reece & Nichols, consulting the Multiple Listing Service, found a house for Ms. Zoll and negotiated terms for a real estate contract (Contract) between Ms. Zoll, the seller, and the seller's agent/broker, Remax. Ms. Zoll paid a $2,000 earnest de-

posit toward the purchase price of $139,500. The Contract terms provided compensation to Reece & Nichols from an escrow at the closing. The Contract was contingent upon the bank approving Ms. Zoll for a loan. The closing date was June 13, but the day before, the bank denied the loan because of a past child support order against Ms. Zoll in Wisconsin. The earnest deposit was forfeited because she refused to deposit additional earnest funds, which resulted in the cancellation of the Contract. Ms. Zoll hired a lawyer in Wisconsin to resolve the matter, and, during that time, Reece & Nichols discontinued contact with the seller and Ms. Zoll.

Two weeks after the cancellation of the contract, without consulting Reece & Nichols, the seller initiated contact with Ms. Zoll. The seller informed Ms. Zoll that she removed the residence from the market and asked Ms. Zoll if she wanted to rent it. Ms. Zoll and the seller entered a limited one-year landlord-tenant arrangement with the specific condition that Ms. Zoll accommodate prospective buyers when the residence was placed back on the market. The record suggests that the rental agreement was executed in early July and was neither a rent-to-buy nor a lease-option contract.

Reece & Nichols discovered this arrangement from Remax and wrote a letter addressed to Remax, dated July 7, 2003, stating that as the buyer's agent, it expected to be paid commission from the "sale" when it closed. A copy of the letter was mailed to Ms. Zoll but not to the seller. At the end of August, Ms. Zoll had a loan approved by the bank, and in September, she contracted with the seller to purchase the residence without the assistance of either Reece & Nichols or Remax. The

parties executed a new real estate sale contract but retained the negotiated terms under the first contract including the purchase price.

Reece & Nichols sued Ms. Zoll for breach of contract. After a trial de novo, the circuit court found in favor of Ms. Zoll. Reece & Nichols appeals, claiming the circuit court erred because the terms of the agreement required Ms. Zoll to pay its commission.

## Standard of Review

We will affirm the bench-tried decision unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Questions of law such as contract interpretation are reviewed de novo. *Helterbrand v. Five Star Mobile Home Sales, Inc.,* 48 S.W.3d 649, 658 (Mo.App. W.D.2001). Because the circuit court failed to issue specific findings, we will affirm under any reasonable legal theory supported by the evidence. *Spencer Reed Group, Inc. v. Pickett,* 163 S.W.3d 570, 573 (Mo.App. W.D.2005).

## Legal Analysis

Reece & Nichols argues that the trial court erred because Ms. Zoll was liable for its commission, as agreed to in paragraph 4 of the Agreement, because she purchased a home in Kansas City that Reece & Nichols had shown her, within 180 days after the Agreement terminated. Ms. Zoll claims that she is not liable because Reece & Nichols failed to follow the terms to extend the Agreement. Reece & Nichols claim that it is entitled to commission because it substantially complied with its terms.[1]

---

1. Ms. Zoll contends that this argument was not preserved because it was not argued in

the trial court. The record reveals that Reece & Nichols submitted the same writing to the

A broker's entitlement to his commission for his performance depends upon the terms of his contract. *Spitcaufsky v. Guignon,* 321 S.W.2d 481, 487 (Mo. 1959). If the broker substantially complied with the contract, he is entitled to his commission.[2] *Gundaker v. Templer,* 560 S.W.2d 306, 309 (Mo.App.1977). Substantial compliance is met if there is a slight deviation from the contract and "if the other party received substantially the same benefit it would have from literal performance." *Id.*

Paragraph 4, Fees to Broker, states in relevant part:

> The BROKER's fee shall be deemed earned and shall be due and payable (i) if BUYER ... procures any real property of the general nature described herein during the term of this Contract; whether through the services of the BROKER or otherwise: Or (ii) if BUYER ... procures any real property of the nature described herein within 180 days after termination of this Contract, which property BROKER, BROKER'S Agent or cooperating brokers presented or submitted to BUYER during the term hereof and the description of which BROKER shall have submitted in writing to BUYER, either in person or by mail within seven (7) days after termination of this Contract. [extension provision]

Accordingly, to obtain a commission from a house purchased after the agreement terminated, literal compliance required Reece & Nichols to submit a written description of the house shown to Ms. Zoll during the term either in person or by mail within

seven days after the Agreement terminated. Reece & Nichols claim that the benefit provided from the extension provision is timely notice, citing *Gundaker* for support.

The *Gundaker* court held that Mr. Gundaker substantially complied with the exclusive listing contract. *Id.* at 310. First, it found that literal compliance required Mr. Gundaker to enter "the names of prospective customers precisely in a list," and the written list had to be sent within ten days following the initial three-month period to the sellers. *Id.* at 309, 310. Second, it found the sellers' benefit was a timely "written notification of those customers whom [Mr. Gundaker] had contacted during the first three month period and whom the defendants could not sell to within the second two month period without being liable for a commission." *Id.* at 309–10. It concluded that there was substantial compliance because Mr. Gundaker slightly deviated from the contract when he submitted written offers with the purchasers' names on them *before* the contract expired and the seller received timely notification. *Id.* at 310.

Applying the reasoning of the *Gundaker* court, we find that Reece & Nichols slightly deviated from the Agreement and the benefit of the extension language was timely notification. Ms. Zoll received timely notification because she received a copy of Reece & Nichols' letter to Remax with a written description of the house through the mail, before the Agreement terminated. Ms. Zoll claims that the letter notified her that Reece & Nichols would seek a commission from the seller and not

---

trial court to show compliance with the Agreement. Therefore, the argument will be addressed.

**2.** Because the facts claimed to constitute substantial compliance are undisputed and "only

one reasonable conclusion can be drawn from them," this is a question for the court. *Gundaker v. Templer,* 560 S.W.2d 306, 309 n. 1 (Mo.App.1977).

her because it was addressed to Remax.[3] Although the letter suggests that Reece & Nichols expected payment from Remax, it was sufficient notice to Ms. Zoll that Reece & Nichols desired a commission from the closing, whenever it occurred. Ms. Zoll was obligated, after receiving a copy of the letter, to notify Reece & Nichols that she was purchasing the house, so that it could seek its commission from the seller. Point granted.

In conclusion, we reverse and remand for the trial court to enter judgment in favor of Reece & Nichols.

PATRICIA A. BRECKENRIDGE, and PAUL M. SPINDEN, JJ., concur.

---

3. Paragraph 4(d) of the Agreement states, "If BUYER wishes to purchase a home that is not listed with a licensed real estate broker, BROKER will seek a written fee agreement from the seller to pay BROKER'S minimum commission. If said fee cannot be obtained from SELLER, BUYER agrees to pay the balance of the agreed fee at the closing of the transaction."