

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | |
|---|---|
| OLD NAVY, LLC, | ) No. ED111214 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable Brian H. May |
| SOUTH LAKEVIEW PLAZA I, LLC, | ) |
| | ) |
| Respondent. | ) Filed: July 18, 2023 |

### Introduction

Old Navy, LLC ("Appellant") appeals the judgment of the Circuit Court of St. Louis County denying its motion for partial summary judgment and granting summary judgment for South Lakeview Plaza I, LLC ("Respondent"). Appellant raises four points on appeal. In Point I, Appellant argues the trial court erred in granting Respondent's motion for summary judgment because the uncontroverted facts demonstrate Appellant's leased property was separately assessed for real estate tax purposes within the meaning of the lease. In Point II, Appellant argues the trial court erred in granting Respondent's motion for summary judgment based on waiver because this issue was not properly raised by Respondent and is not supported by the record. In Point III, Appellant argues the trial court erred in denying Appellant's motion for partial summary judgment because Respondent applied the wrong formula and overcharged Appellant for property taxes under the lease. In Point IV, Appellant alternatively argues the trial court erred in denying

Appellant's motion for partial summary judgment because Respondent breached the lease by failing to use its best efforts to separately assess the leased property for real estate tax purposes.

Because Appellant stipulated the new tax parcel was created for the purposes of obtaining financing, we deny Point I. Because Appellant's awareness of Respondent's billing practices presents a genuine issue of material fact, we grant Point II. Because our holdings addressing Respondent's motions for summary judgment preclude summary judgment for Appellant, we decline to address Points III and IV, which concern Appellant's motions for summary judgment.

We reverse and remand in part, and affirm in part.

**Factual and Procedural History**

In 1981, South Lakeview Plaza, LLC leased commercial property in a new shopping center to Service Merchandise Company, Inc. The lease, amended in 1987, obligates the tenant to pay a portion of the shopping center's property taxes. The lease contemplates two methods to apportion real estate taxes among tenants: creating a separate tax parcel for real estate tax purposes representing Appellant's leased property, or assessing tenants' real estate tax responsibilities under a proportional share based on their square footage as a share of the entire shopping center. Specifically, the lease required the landlord "to use its best efforts to have the demised premises separately assessed for general ad valorem real estate tax purposes." "In the event the demised premises are not separately assessed," the lease provided Appellant's obligation would be based on the proportional formula as a share of the entire shopping center.

After leasing the commercial space, South Lakeview Plaza, LLC completed construction of the shopping center. To obtain a construction loan, South Lakeview Plaza, LLC was required by its lender to divide the original tax parcel embracing the shopping center into two tax parcels.

2

The original tax parcel was divided into two parcels, creating a "new tax parcel" including Appellant's leased property, plus parking lots and a stormwater pond.[1] The other tax parcel includes the remaining buildings and property in the shopping center.

In 1999, Service Merchandise Company assigned its interest in the lease to GPS Real Estate, Inc., which assigned its interest in the lease to Appellant.[2] Appellant has occupied the property since 1999 and has been billed its portion of the real estate taxes under the proportional formula for the entire shopping center described in the lease. In 2011, South Lakeview Plaza, LLC transferred its interest in the lease to Respondent. In 2012, Appellant audited Respondent's tax invoices and concluded it was overcharged for its share of real estate taxes. Respondent refused Appellant's demands for a refund.

On October 5, 2016, Appellant filed a petition which alleged breach of contract and requested a declaratory judgment. At Appellant's request, the trial court dismissed Appellant's petition without prejudice on April 20, 2020. On March 25, 2021, Appellant re-filed its petition, alleging its tax obligation under the lease should have been calculated using the new tax parcel Respondent created, not the proportional formula provided in the lease. Appellant pled since it "acquired its interest in the Lease, the real estate ad valorem taxes [Appellant] paid far exceeded the real estate ad valorem taxes assessed on the Separate Parcel." The petition included three counts. In Count I, Appellant alleged a breach of contract because Respondent charged Appellant for property taxes under the proportional formula, even though the new tax parcel existed, resulting

---

[1] It is undisputed a new tax parcel was created, which included Appellant's leased property. The question in Point I is whether, within the meaning of the lease, this new parcel was a "separate tax parcel" created for real estate tax purposes.

[2] In 2004, Old Navy, Inc., became Old Navy, LLC. We refer to both as Appellant.

in damages exceeding $605,682.16 from 2005 through 2021.[3] In Count II, Appellant alternatively alleged breach of contract because Respondent failed to use its best efforts to have the leased property separately assessed for real estate tax purposes. In Count III, Appellant sought a declaration of its tax obligation for the remainder of the lease. Appellant also requested attorneys' fees. Respondent filed an answer on May 6, 2021, listing eleven assertions as "affirmative defenses," including "waiver, estoppel, laches, and unclean hands."

The parties submitted stipulated facts on July 12, 2022. One stipulation provided "[i]n 1981, [the new tax parcel] was created for the *purposes of obtaining a loan* to construct the building leased by Plaintiff ('the Property') in the South Lakeview Plaza Shopping Center ('Shopping Center')." Emphasis added. On July 22, 2022, the parties filed cross-motions for summary judgment. Appellant's motion for partial summary judgment asserted a right to judgment "for breach of a written commercial real estate lease for the payment of real estate ad valorem taxes on leased real property." Respondent's motion for summary judgment alleged it was never required to and was never asked to have the leased property separately assessed. Respondent alleged the leased property was not separately assessed within the meaning of the lease because the new tax parcel includes more than the leased property and was not created for tax assessment purposes, but merely to accommodate a requirement of Respondent's lender. On August 19, 2022, Respondent filed a response to Appellant's motion for partial summary judgment, challenging Appellant's interpretation of the lease and alleging Appellant waived its breach of contract claim. The trial court held a hearing on the cross-motions on September 20, 2022.

---

[3] At the summary judgment hearing, Appellant's counsel argued, under the applicable statute of limitations, "we can go back ten years from our initial claim in 2016." Appellant's counsel agreed this meant conduct before 2006 was time barred.

At the hearing, the trial court observed the invoices from Respondent were not in evidence. Based on the parties' representations, the trial court stated it did not "know what the invoice looks like, but I'm inferring -- or I believe that you could infer from the invoice, that it was based on some sort of formula. It wasn't like a copy of a County tax bill." The trial court continued this "would clearly, I think, put one on notice that they are being taxed pursuant to the formula in the contract . . . . " Because the trial court inferred the invoices suggested they were based on the proportional formula, the trial court asked "if you just continue to pay, how are you not waiving that which you believe is your right to have their best efforts utilized?"

On November 28, 2022, the trial court denied Appellant's motion for summary judgment and granted Respondent's motion for summary judgment, finding Respondent did not breach the lease because the uncontroverted facts demonstrated "[t]he Property was never separately assessed for purposes of the Real Estate Taxes," so Appellant was properly charged a proportional share of real estate taxes for the entire shopping center. In addition, the trial court found Appellant "would be aware" of this arrangement "because the proportional share formula was utilized for a lengthy period of time." The trial court found Appellant "waived its right to assert any claims for breach of contract" because its "failure to raise the tax issue in at least the first 10 years after the Lease assumption in 1999, if not for the entire 17 years prior to filing suit, is conduct manifestly consistent with and indicative of" an intent to renounce any right to a separate assessment.

This appeal follows.

**Standard of Review**

Appellate review of a trial court's grant of summary judgment is essentially *de novo*. *Sigafus v. St. Louis Post-Dispatch, L.L.C.*, 109 S.W.3d 174, 175 (Mo. App. E.D. 2003) (citing *ITT Com. Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)).

5

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* (citing *ITT*, 854 S.W.2d at 377). The propriety of summary judgment is purely an issue of law and the appellate court need not defer to the trial court's order granting summary judgment. *Id*. at 176 (citing *Stone v. Crown Diversified Indus. Corp.*, 9 S.W.3d 659, 664 (Mo. App. E.D. 1999)). The trial court's judgment may be affirmed on any basis supported by the record. *Estes as Next Friend for Doe v. Bd. of Trs. of Mo. Pub. Entity Risk Mgmt. Fund*, 623 S.W.3d 678, 687 (Mo. App. W.D. 2021), *reh'g and/or transfer denied* (Apr. 27, 2021), *transfer denied* (June 29, 2021) (citing *Nowden v. Div. of Alcohol & Tobacco Control*, 552 S.W.3d 114, 116 (Mo. banc 2018)). We review the record "in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Brockington v. New Horizons Enterprises, LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022) (quoting *Green v. Fotoohighiam*, 606 S.W.3d 113, 115–16 (Mo. banc 2020)). If the movant requires an inference to establish his right to summary judgment, and the record supports a reasonable inference other than the movant's inference, then the movant is not entitled to summary judgment because a genuine issue exists. *State ex rel. Nixon v. Hughes*, 281 S.W.3d 902, 911 (Mo. App. W.D. 2009) (citing *ITT*, 854 S.W.2d at 382).

### Discussion

*Point I: Separate Assessment*

*Argument*

In Point I, Appellant argues the trial court erred in granting summary judgment for Respondent on Appellant's Count I breach of contract claim for Respondent charging Appellant a proportional share of the entire shopping center because the leased property was separately assessed for real estate tax purposes. Appellant quotes the lease, which provides "Landlord agrees to use its best efforts to have the demised premises separately assessed for general ad valorem real

6

estate tax purposes." The new tax parcel, including Appellant's leased property, is assessed separately from other property in the shopping center each year. § 137.170.[4] Appellant argues the leased property was thus separately assessed within the meaning of the lease and Appellant should have been charged based on the new tax parcel's assessment, not a proportion of the entire shopping center's tax liability.

Appellant contends Respondent breached the lease because the leased property was assessed separately from the rest of the shopping center, but Appellant was not billed accordingly. Appellant concedes it "could not controvert Respondent's subjectively asserted purpose for the parcel's creation," but contends Respondent's subjective intent is not relevant because creation of the separate tax parcel "served a dual purpose." Even if it was created to obtain financing, in effect, Appellant argues the new parcel was also created for the purposes of real estate taxes. Appellant cites a dictionary definition of "purpose,"[5] providing it describes "an end to be attained," and contrasts this definition with that of "reason,"[6] which describes a motive. Appellant contends a tax parcel's "only purpose is for the assessment of property taxes," and Respondent's "motive" does not affect this "purpose." Appellant argues "inclusion of non-building elements in the tax parcel is irrelevant," because the leased property was still assessed separately from the rest of the shopping center.

Respondent argues the leased property was never separately assessed for real estate tax purposes within the meaning of the lease because the new tax parcel was only created to obtain financing and includes more than the "demised premises", that is, the leased property. Respondent cites the parties' joint stipulation of facts, which states the new tax parcel "was created for the

---

[4] All statutory citations are to RSMo 2016, unless otherwise indicated.
[5] *Purpose*, Merriam-Webster, https://www.merriam-webster.com/dictionary/purpose (last visited June 7, 2023).
[6] *Reason*, Merriam-Webster, https://www.merriam-webster.com/dictionary/reason (last visited June 7, 2023).

purposes of obtaining a loan to construct" the shopping center. Under the plain meaning of the lease, Respondent argues there was no separate assessment of just the leased property and it properly charged Appellant under the proportional formula.

*Analysis*

The lease obligates the landlord "to use its best efforts to have *the demised premises* separately assessed *for general ad valorem real estate tax purposes*."[7] Emphasis added. The trial court did not err in granting Respondent's motion for summary judgment on this issue because it properly found Appellant's leased property was not separately assessed for real estate tax purposes. Appellant argues "the stipulated and uncontested facts demonstrated the property was separately assessed for purposes of real estate taxes as required by the lease" because the "functional purpose of the creation of a tax parcel is for the allocation of real estate taxes on that parcel."

We disagree. Appellant seeks to parse the meaning of "purposes" under the lease. Here, the parties stipulated the new tax parcel "was created for the *purposes of obtaining a loan* to construct the building leased by [Appellant]." Emphasis added. The lease requires the landlord to use its best efforts to have the demised premises separately assessed for *real estate tax purposes*. Stipulations of fact are controlling and conclusive, and courts are bound to enforce them. *Buckner v. Buckner*, 912 S.W.2d 65, 70 (Mo. App. W.D. 1995) (citing *Furniture Forwarders of St. Louis, Inc. v. Chicago, Rock Island, and Pac. R.R.*, 393 F.2d 537 (8th Cir. 1968)). "Having stipulated to facts, a party waives his right to any subsequent contention to the contrary." *Hurst v. Hurst*, 553 S.W.3d 853, 858 (Mo. App. E.D. 2018) (quoting *In re An Omega Brand*, 676 S.W.2d 292, 294

---

[7] Appellant contends the "demised premises" is defined by the lease agreement to include only the leased building's footprint. Whatever constitutes the "demised premises," there is no dispute it is entirely contained in the new tax parcel. Our task is to determine whether the new tax parcel, on which the demised premises sits, was separately assessed for real estate tax purposes.

(Mo. App. E.D. 1984)). Where "the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony," the only question for appellate review is "whether the trial court drew the proper legal conclusions from the facts stipulated." *Sansone Law, LLC v. J&M Sec., LLC*, 589 S.W.3d 74, 85 (Mo. App. E.D. 2019) (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010)). Here, the trial court properly applied the parties' stipulated facts to the terms of the contract.

Under the terms of the lease and the stipulated facts, the leased property was not separately assessed for real estate tax purposes, but rather for financing purposes. Therefore, there was no breach of the contract for Respondent's failure to bill Appellant its tax share based on the new tax parcel. In addition, the separate tax parcel not only included Appellant's leased property, the "demised premises," it also included other property. Accordingly, Respondent is entitled to judgment as a matter of law on Appellant's Count I, because the undisputed facts showed the demised premises was not separately assessed for real estate purposes.

Point I is denied.

*Point II: Waiver*

*Argument*

In Point II, Appellant raises an alternative argument to Point I, contending in Count II Respondent breached the lease by failing to use its best efforts to create a separate parcel for real estate tax purposes. Appellant contends it paid a higher real estate tax bill as a proportional share of the entire shopping center's tax liability than it would have paid under a separate tax parcel created for real estate tax purposes.

The trial court concluded Appellant waived this breach of contract claim, because it failed to raise this claim for at least 10 years, if not 17 years, after receiving the invoices showing the

9

calculation was based on the proportional formula and paying the amounts. Appellant contends the trial court erred in this conclusion. Because Respondent did not raise waiver in its motion for summary judgment, Appellant argues waiver "cannot then serve as the basis of granting Respondent's Motion for Summary Judgment." Appellant argues Respondent's statements in its motion for summary judgment, which "related to the length of time which passed from the time of execution and assumption of the Lease until the audit," did not properly raise waiver. Appellant argues Respondent's express assertion of waiver in its response to Appellant's motion for partial summary judgment does not support Respondent's own motion for summary judgment.

Appellant provides the elements of waiver: (1) the presence of an existing right, benefit or advantage; (2) knowledge of its existence; and (3) an intent to relinquish it. *Fed. Nat. Mortg. Ass'n v. Pace*, 415 S.W.3d 697, 704 (Mo. App. E.D. 2013) (citing *Pasley v. Marshall*, 305 S.W.2d 879, 882 (Mo. App. W.D. 1957)); *Link v. Kroenke*, 909 S.W.2d 740, 746 (Mo. App. W.D. 1995)). Appellant argues its inaction did not constitute waiver because it did not expressly waive any right and implied waiver requires "a clear, unequivocal, and decisive act," that is "so indicative of an intention to waive that no other reasonable explanation is possible." *Gordon v. Williams*, 986 S.W.2d 470, 473 (Mo. App. E.D. 1998) (citing *Lucas Hunt Vill. Co. v. Klein*, 218 S.W.2d 595, 599 (Mo. banc 1949)).

Appellant argues the "uncontroverted facts did not establish that the invoices indicated the amount due was the result of a proportional share calculation or that Appellant was otherwise aware that the real estate tax invoices had been calculated using the proportional share method" or that separate tax parcels were created. Appellant contends the trial court's judgment was based on insufficient facts because "there was no invoice before the court." Appellant argues its actual knowledge of Respondent's billing calculation is relevant to waiver, not its "ability to discover"

the calculation. Appellant notes the lease contains no "time limit" for Appellant to demand performance and "no expiration date for Respondent's obligation." Appellant cites the lease's statement "[n]o provision of this Lease shall be deemed to have been waived by Landlord or Tenant unless such waiver be in writing signed by Landlord or Tenant, as the case may be." Finally, Appellant argues factual disputes preclude summary judgment regarding waiver.

Respondent argues it properly raised waiver because it was included in its answer and affirmative defenses to Appellant's motion for summary judgment, it was considered by the trial court on the record at the hearing, and waiver was the "crux" of Respondent's argument regarding best efforts in its own motion for summary judgment. Respondent argues "it is simply not true" implied waiver requires both knowledge and intent, but relies on a case stating waiver is the "intentional relinquishment of a known right," and if "waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Tribus, LLC v. Greater Metro, Inc.*, 589 S.W.3d 679, 696 (Mo. App. E.D. 2019) (quoting *State v. Coleman*, 449 S.W.3d 387, 389 (Mo. App. E.D. 2014)). Without basis, Respondent faults Appellant for citing cases which "do not explicitly state that **implied** waiver in this context involves both knowledge and intent." Emphasis original. Respondent provides a "full quote Appellant fails to cite," which itself provides "waiver involves both knowledge and intent." *Kroenke*, 909 S.W.2d at 746 (quoting *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386–87 (Mo. banc 1989)). Respondent contends Appellant's citation to the lease's waiver clause is a "last-ditch effort" raised for the first time on appeal, because the waiver clause "has no bearing on the claims in this lawsuit," and would be applicable only if Appellant insisted on a separate assessment "at any stage," which "would contradict their entire argument made thus far."

11

Respondent adequately raised to the trial court its contention Appellant waived its right to insist on Respondent's best efforts to create a separate tax parcel for real estate tax purposes, meaning Respondent properly charged Appellant a proportional share of real estate taxes, instead. "[W]hen the issues and the documents in support of [a] motion [for summary judgment] are clear to the litigants, the trial court, and the appellate court, the failure to comply with Rule 74.04 does not per se preclude the granting of summary judgment nor the affirming of such a judgment." *The Schumacher Grp., Ltd v. Schumacher*, 474 S.W.3d 615, 624 (Mo. App. W.D. 2015) (quoting *Smith v. City of St. Louis*, 409 S.W.3d 404, 423 (Mo. App. E.D. 2013)). Where the parties understand the issues, the material facts are not disputed, and the question posed is one of law, procedural deficiencies will not preclude the court from addressing a motion for summary judgment on the merits. *Smith*, 409 S.W.3d at 423 (citing *Premier Golf Mo., LLC v. Staley Land Co., LLC*, 282 S.W.3d 866, 872 (Mo. App. W.D. 2009)) ("Here, the issues were clear to all parties, which is evidenced by City's response to Respondents' conflict with state law claim in both its answer to the Third Amended Petition and its memorandum in opposition to Respondents' motion for summary judgment.").

Respondent asserted waiver in its answer, pled waiver in its responsive motion to Appellant's motion for partial summary judgment, pled facts in its motion for summary judgment clearly invoking a waiver argument (albeit without the word "waiver"), and argued waiver to the trial court at the summary judgment hearing. We demand strict compliance with Rule 74.04, but it would be absurd to hold Respondent's assertion of waiver was not clear to the litigants and the trial court. *Schumacher*, 474 S.W.3d at 624 (quoting *Smith*, 409 S.W.3d at 423). "Generally, failure to comply with Rule 74.04(c)(1)," which provides a motion for summary judgment shall

summarily state the legal basis for the motion, "warrants an appellate court's reversal of the grant of summary judgment." *Premier Golf*, 282 S.W.3d at 872 (quoting *Gillespie v. Estate of McPherson*, 159 S.W.3d 466, 470 (Mo. App. E.D. 2005)). "However, 'the interest of judicial efficiency and economy is not met by adopting an absolute or *per se* rule precluding summary judgment for failure to comply with Rule 74.04(c)(1).'" *Id.* (quoting *Rodgers v. Threlkeld*, 22 S.W.3d 706, 710–11 (Mo. App. W.D. 1999)).

The same cannot be said for Appellant's reliance on the lease's waiver clause, which purports to preclude any waiver of a term in the lease except by signed writing, because Respondent correctly notes Appellant raises the lease's waiver clause for the first time on appeal. While the lease itself was included as an exhibit in the parties' joint stipulation of facts for their cross motions for summary judgment, there is no indication in the summary judgment record the lease's waiver clause was mentioned by either party before the trial court. Contracts are construed as a whole, "end to end and corner to corner[.]" *Parker v. Pulitzer Pub. Co.*, 882 S.W.2d 245, 249 (Mo. App. E.D. 1994) (quoting *State Mut. Life Assur. Co. of Worchester, Mass. v. Dischinger*, 263 S.W.2d 394, 401 (Mo. 1953)). But we "will not convict the trial court of error about which it has not been made aware." *Sanders v. City of Columbia*, 602 S.W.3d 288, 298 (Mo. App. W.D. 2020) (citing *McMahan v. Mo. Dept. of Soc. Servs., Div. of Child Support Enf't*, 980 S.W.2d 120, 125–26 (Mo. App. E.D. 1998)). Issues not properly raised before the trial court are not preserved for review. *Harris v. Harris*, 655 S.W.3d 33, 42 (Mo. App. W.D. 2022); *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 835 (Mo. App. S.D. 2016) (citing *In re Estate of L.G.T.*, 442 S.W.3d 96, 108 (Mo. App. S.D. 2014)). Because Appellant failed to rely upon the lease's waiver clause in its filings, Appellant cannot raise this issue now.

Determining waiver is properly before us we proceed to the merits of waiver. Waiver is an intentional relinquishment of a known right that can be shown by express declarations or conduct. *Blue Ridge Bank & Tr. Co. v. Trosen*, 221 S.W.3d 451, 462 (Mo. App. W.D. 2007) (citing *Bartleman v. Humphrey*, 441 S.W.2d 335, 343 (Mo. 1969)). "A party may waive any condition of a contract in the party's favor, and that waiver may be implied from conduct." *Id*. (quoting *Spencer Reed Grp., Inc. v. Pickett*, 163 S.W.3d 570, 574 (Mo. App. W.D. 2005)). Parties can implicitly waive contractual rights. *Robb v. Bond Purchase, L.L.C.*, 580 S.W.3d 70, 79 (Mo. App. W.D. 2019) (citing *Horne v. Ebert*, 108 S.W.3d 142, 147 (Mo. App. W.D. 2003)). "To be so implied, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Blake v. Irwin*, 913 S.W.2d 923, 935 (Mo. App. W.D. 1996) (citing *Brown*, 776 S.W.2d at 387). "[I]t is the voluntary relinquishment of the right to rely on the contractual provision which forms the basis of the waiver." *Brown*, 776 S.W.2d at 388.

"Where there is no express declaration of waiver, there must be a clear, unequivocal, and decisive act showing waiver implied by conduct." *Robb*, 580 S.W.3d at 79 (quoting *Star Dev. Corp. v. Urgent Care Assocs., Inc*., 429 S.W.3d 487, 494 (Mo. App. W.D. 2014), *as corrected* (May 1, 2014)). "Forbearance is not waiver." *Star Dev. Corp*., 429 S.W.3d at 494 (quoting *Kroh Bros. Dev. Co. v. State Line Eighty-Nine, Inc.*, 506 S.W.2d 4, 12 (Mo. App. W.D. 1974)). For conduct to amount to waiver, it "must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." *Trosen*, 221 S.W.3d at 462 (quoting *Pickett*, 163 S.W.3d at 574). "Generally, whether a party's conduct 'can be construed as an implied waiver is a question of fact.'" *Smith v. Md. Cas. Co*., 500 S.W.3d 244, 250 (Mo. App. S.D. 2015) (quoting *Frisella v. RVB Corp*., 979 S.W.2d 474, 477 (Mo. App. E.D. 1998)).

We agree with Appellant's contention the "uncontroverted facts did not establish that the invoices indicated the amount due was the result of a proportional share calculation or that Appellant was otherwise aware that the real estate tax invoices had been calculated using the proportional share method." Indeed, the invoices themselves were never provided to the trial court. Further, we are not directed by either party to an averment in the summary judgment motions addressing Appellant's awareness of this issue. "Facts come into a summary judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 166 (Mo. App. E.D. 2021) (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)).

An implied waiver may be found where a party, with knowledge of a material breach, fails to assert its contractual right. A comparison of cases considering implied waiver aids our analysis. In *Spencer Reed*, a law firm and a recruiting agency had an agreement under which the law firm would pay Spencer Reed placement fees for referring associate attorneys. *Spencer Reed Grp., Inc.*, 163 S.W.3d at 572. The Western District held Spencer Reed materially breached the contract by referring the firm a candidate who graduated law school but was not yet a licensed attorney. *Id.* at 574. But, because the candidate revealed in his interview he was not licensed, the Court held the firm's decision to hire him anyway supported the "reasonable conclusion" the law firm waived the licensed attorney requirement of the parties' agreement. *Id.* Conversely, in *Shapiro v. Shapiro*, a woman accepted maintenance payments from her ex-husband of less than they agreed to in their separation agreement. 701 S.W.2d 205, 206 (Mo. App. E.D. 1985). This Court assessed the woman's knowledge of her ex-husband's underpayments and concluded her "testimony warrants the conclusion that the acceptance of payment of a lesser amount than due was the product of a mistake by her and not an intentional relinquishment of the larger amount." *Id.* The Court held she

15

"did not become aware of the discrepancy in maintenance payments until after husband stopped paying in 1983. Upon that factual finding husband's contention of waiver by acquiescence founders." *Id.*

Where a non-breaching party's intent regarding implied waiver is unclear, this Court has held summary judgment is inappropriate:

> If defendants, with full knowledge of the material facts, chose to honor the contract they may have waived the fraud. This would depend on many factors, including but not limited to: whether substantial work had been done on the project prior to the discovery of the subsurface conditions; whether the problem was severe; whether serious financial obligations had been incurred by defendants; and whether the facts were only discovered piecemeal as the work progressed. These questions are questions of fact that cannot be resolved as a matter of law based upon the record in this case.

*Steinberg v. Fleischer*, 706 S.W.2d 901, 905 (Mo. App. E.D. 1986); *see also Frisella*, 979 S.W.2d at 477 (alleged mistake of fact regarding payments created "a genuine issue which is properly resolved by a jury").

In granting summary judgment for Respondent, the trial court inferred Respondent's invoices would "put one on notice that they are being taxed pursuant to the formula." This was an inference drawn in Respondent's favor. *State v. Mickle*, 164 S.W.3d 33, 50 (Mo. App. W.D. 2005) (citing *State v. Agee*, 37 S.W.3d 834, 837 (Mo. App. S.D. 2001)) (an inference is a conclusion drawn from established facts). On review of summary judgment, we "review the record in the light most favorable to the non-movant." *J.S. DeWeese Co. v. Hughes-Treitler Mfg. Corp.*, 881 S.W.2d 638, 643 (Mo. App. E.D. 1994) (citing *ITT*, 854 S.W.2d at 382). However, summary judgment was inappropriate on these facts because, without an invoice in the record, we could also reasonably infer the invoices did not indicate its tax calculation method. *Nixon*, 281 S.W.3d at 911 (citing *ITT*, 854 S.W.2d at 382).

16

This issue of Appellant's intent precludes summary judgment for either party. *Steinberg*, 706 S.W.2d at 905. The existence of an implied waiver of Appellant's right to enforce Respondent's promise to use its best efforts to have the leased property separately assessed for real estate tax purposes depends on Appellant's knowledge of Respondent's alleged failure when it paid Respondent's invoices over several years. *Id.* If Appellant knew it was paying the proportional share for the entire shopping center, it may have waived its right to enforce Respondent's best efforts obligation. *Spencer Reed Grp., Inc.*, 163 S.W.3d at 572. But if Appellant did not know, and quietly paid the proportional share each year due to a mistake of fact, Appellant did not waive its right to enforce Respondent's obligation under the lease. *Shapiro*, 701 S.W.2d at 206.[8]

Because there is a genuine dispute of material fact whether Appellant knowingly paid the proportional share of the entire shopping center as its real estate tax obligation, the trial court improperly entered summary judgment on Count II for Respondent by finding Appellant waived the right to enforce Respondent's best efforts obligation.

Point II is granted.

Because we hold in Point I the trial court did not err in granting summary judgment for Respondent on Appellant's Count I breach of contract claim for failing to bill Appellant based on the new tax parcel, we deny Point III, which argues the trial court erred in denying Appellant's motion for summary judgment on the same issue. Because we hold in Point II Respondent is not entitled to summary judgment on Appellant's Count II breach of contract claim to enforce Respondent's best efforts obligation due to a remaining issue of material fact, we deny Point IV,

---

[8] We do not address the impact, if any, of the lease's waiver clause because it was not an issue before the trial court and is not preserved as an issue in this appeal. "This court's review of the grant of summary judgment is limited to those issues raised in the trial court, and this court 'will not review or convict a trial court of error on an issue that was not put before the trial court to decide.'" *United Mo. Bank, N.A. v. City of Grandview*, 105 S.W.3d 890, 895 (Mo. App. W.D. 2003) (quoting *Barner v. The Mo. Gaming Co.*, 48 S.W.3d 46, 50 (Mo. App. W.D. 2001)).

which argues the trial court erred in denying Appellant's motion for summary judgment on the same issue.

**Conclusion**

The judgment of the trial court is reversed in part to the extent it granted summary judgment on Count II of the petition for breach of contract in favor of Respondent despite a material issue of fact whether Appellant made an implied, knowing waiver of its right to require Respondent's best efforts to have the leased property separately assessed for real estate tax purposes, and the cause is remanded in part to the trial court for further proceedings consistent with this opinion. In all other respects the judgment is affirmed.

_____
Philip M. Hess, Judge

Kelly C. Broniec, C.J. and
James M. Dowd, J. concur.